SESSLER et al. v. PADUCAH DISTILLERIES CO. et al.

(Circuit Court of Appeals, Fifth Circuit. February 23, 1909.)

No. 1,835.

1. BANKRUPTCY (§ 363*)—LIENS—WAIVER BY PROVING DEBT AS UNSECURED.
   A creditor of a bankrupt for the price of goods sold, by proving his debt as one without security, does not waive his right to assert a vendor's privilege against the goods, under Rev. Civ. Code La. art. 3227.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 363.*]

2. BANKRUPTCY (§ 308*)—PAYMENT OF DEBT BY SURETY—RIGHT OF SUBROGATION.
   A surety for a bankrupt, who pays the debt after it has been proved in bankruptcy, is legally subrogated, under Rev. Civ. Code La. art. 2162, to the rights of the original creditor, and may in the latter's name assert his claim to a privilege under the state statutes.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 308.*]

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Henry L. Lazarus and Eldon S. Lazarus, for appellants.
Bernard Titche, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In November and December, 1907, the Paducah Distilleries Company sold whiskies to David Brunner in the amount of $1,170, no part of which had been paid when, January 2, 1908, David Brunner was adjudicated a bankrupt. The contract of sale was a Louisiana contract, and at the time of adjudication the Paducah Distilleries Company had an option either to sue for the dissolution of the sale, under articles 2046 and 2561 of the Revised Civil Code of Louisiana, or assert a vendor's privilege, under article 3227 of the same Code.

The Paducah Distilleries Company proved its debt as one without security on the 27th of January, 1908, and on February 17, 1908, filed a rule against David Sessler, receiver, praying for a rescission of the contract of sale, or, in the alternative, for a separate appraisement and sale. The referee of hearing made the rule absolute and ordered the restoration of the goods, notwithstanding the proof showed that subsequent to the proof of debt the claim had been paid by Menard Bros., as sureties or guarantors. On appeal the order of the referee was affirmed.

On this appeal it is urged that the Paducah Distilleries Company waived or lost its right to a rescission by the unqualified proof of debt as an ordinary creditor. In our opinion it is not necessary to decide this precise question, because the proof of the debt certainly did not waive the vendor's privilege granted by the Louisiana Code; and whether the sale be rescinded or the vendor's lien granted is immaterial, as a considerable portion of the goods are shown to have been consumed.

The contention is also made that as, subsequent to the proof of debt, Menard Bros., as sureties, paid the debt, the interest of the Paducah Distilleries Company was extinguished, and the case should have been dismissed; and it is also contended that, as Menard Bros. took no express subrogation at the time of payment, they acquired no rights of the original creditor to rescind the sale. There may be some doubt as to whether any subrogation took place by contract; but as Menard Bros. were sureties of David Brunner, and paid the debt, we think they are legally subrogated under the Louisiana Code. See Rev. Civ. Code, art. 2162. We have no doubt about the right of a surety to prosecute his claim in bankruptcy in the name of the principal creditor, when subrogation takes place after proof of debt.

The decree in the court below does substantial right in the premises, and it is affirmed.